Lakisha DAHM, Plaintiff-Respondent,

v.

CITY OF MILWAUKEE, City of Milwaukee Retirement System, Anne M. Bahr, Executive Director, and City of Milwaukee Retirement System, Defendants,

Hope M. DAHM, Defendant-Appellant.

Court of Appeals

*2004AP3148. Submitted on briefs November 1, 2005. —Decided November 22, 2005.*

2005 WI App 258

(Also reported in 707 N.W.2d 922.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael J. Bennett* of *Lichtsinn & Haensel, S.C.*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Joseph A. Ranney* of *DeWitt Ross & Stevens, S.C.*, of Madison.

Before Fine, Curley and Kessler, JJ.

¶ 1. FINE, J.   Hope M. Dahm appeals the trial court's grant of summary judgment to Lakisha Dahm directing that the City of Milwaukee, the City of Milwaukee Retirement System, and Anne M. Bahr, Executive Director of the City of Milwaukee Retirement System, pay to the Estate of Curtis Lee Dahm "all pension proceeds within [their] management and control." We affirm.

## I.

¶ 2.   Curtis Dahm and Hope Dahm were married in 1978. They divorced in 2001. Mr. Dahm and Lakisha Dahm were married in July of 2002. Mr. Dahm killed himself in June of 2003.

¶ 3.   Lakisha Dahm brought this declaratory-judgment action seeking a declaration that she was entitled to Mr. Dahm's pension benefits due him as an employee of what her complaint identifies as "the Milwaukee Public School System." Hope Dahm, on the other hand, contends that she, as Mr. Dahm's first wife, and the designated beneficiary of Mr. Dahm's Milwaukee Public School pension benefits, is entitled to the pension. As noted, the trial court disagreed.

## II.

¶ 4.   We review *de novo* a trial court's grant of summary judgment. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–317, 401 N.W.2d 816, 820–821 (1987). In order to survive summary judgment, the party with the burden of proof on an element in the case must establish that there is at least a genuine issue of fact on that element by submitting evidentiary material

"set[ting] forth specific facts," WIS. STAT. RULE 802.08(3), pertinent to that element, *Transportation Ins. Co. v. Hunzinger Constr. Co.*, 179 Wis. 2d 281, 290–292, 507 N.W.2d 136, 139–140 (Ct. App. 1993); *Estate of Anderson v. Anderson*, 147 Wis. 2d 83, 88, 432 N.W.2d 923, 926 (Ct. App. 1988) (party asserting affirmative of a proposition has the burden of proof). Mere conclusory assertions are not enough. *See ECT Inter'l, Inc. v. Zwerlein*, 228 Wis. 2d 343, 349, 597 N.W.2d 479, 482 (Ct. App. 1999); *see also Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002) ("In order to satisfy the standard for summary judgment 'the affiant must ordinarily set forth facts, rather than opinions or conclusions.' ") (quoted source omitted) (applying Rule 56(e) of the Federal Rules of Civil Procedure, which like RULE 802.08(3), requires that the party opposing summary judgment "set forth specific facts showing that there is a genuine issue for trial").

¶ 5. This appeal is governed by WIS. STAT. § 854.15. As material here, §§ 854.15(3)(a) and (5)(f) provide that "a divorce ... [r]evokes any revocable disposition of property made by the decedent to the former spouse," unless "[t]here is a finding of the decedent's contrary intent. Extrinsic evidence may be used to construe that intent." Thus, § 854.15(3)(a) creates a presumption that a divorce severs the former spouse's interest in a "disposition of property made by the decedent to the former spouse" if, under the instrument, the disposition was "revocable" by the decedent when he or she was alive. *See Allstate Life Ins. Co. v. Hanson*, 200 F. Supp. 2d 1012, 1021 (E.D. Wis. 2002) (recognizing that § 854.15(3)(a) creates a presumption). The parties do not dispute that when Mr. Dahm was

alive he could have revoked the designation of Hope Dahm as the beneficiary of his Milwaukee pension benefits.

¶ 6.    Unless a different rule is built into a particular presumption, presumptions in Wisconsin are governed by Wis. Stat. Rule 903.01, which provides:

> Except as provided by statute, a presumption . . . created by statute, including statutory provisions that certain basic facts are prima facie evidence of other facts, imposes on the party relying on the presumption the burden of proving the basic facts, but once the basic facts are found to exist the presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence.

See *Odd S.-G. v. Carolyn S.-G.*, 194 Wis. 2d 365, 374, 533 N.W.2d 794, 797 (1995) (Rule 903.01 "recognizes that once established, a presumption shifts the burden of production and persuasion to the party opposing the presumption.").

¶ 7.    Here, the presumption is triggered by the following "basic facts":

> (1) that Mr. Dahm and Hope Dahm, once married, were divorced; and

> (2) that the designation of Hope Dahm as Mr. Dahm's beneficiary in connection with the Milwaukee pension benefits was revocable by Mr. Dahm when he was still alive.

Hope Dahm does not dispute that Lakisha Dahm has established these "basic facts." The "presumed fact" under Wis. Stat. § 854.15(3)(a) is thus that Hope Dahm's designation as Mr. Dahm's beneficiary was "[r]evoke[d]" by their divorce. Accordingly, under Wis.

STAT. RULE 903.01, the burden shifted to Hope Dahm to prove that the "nonexistence of [this] presumed fact is more probable than its existence." *See Estate of Thompson v. Jaskolski*, 2003 WI App 70, ¶ 15, 261 Wis. 2d 723, 741–742, 661 N.W.2d 869, 878. The trial court determined that Hope Dahm did not carry this burden and, therefore, Lakisha Dahm was entitled to summary judgment. On our *de novo* review, we agree.

¶ 8. To meet her summary-judgment burden to show that there are genuine issues of material fact that require a trial as to whether WIS. STAT. § 854.15(5)(f) applies, Hope Dahm points to the following:

- An affidavit submitted by Mr. Dahm's cousin by marriage relating a conversation she had with Mr. Dahm at his father's funeral in November of 2001 (approximately eight months before Mr. Dahm married Lakisha Dahm). According to the cousin's affidavit, Mr. Dahm told his cousin his divorce from Hope Dahm "was hard on him and the children." Additionally, the cousin averred:

    > He also stated that he loved and always would love Hope Dahm. He stated that even though he would always love Hope Dahm he just couldn't live with her. He further stated that he would leave something for Hope Dahm at his death to provide for Hope Dahm at his death. He said he wanted to do this because he still loved her and he was certain that she would use the bequest to take care of his children. However, Curtis Dahm, Jr. never explained exactly what he had left to Hope Dahm.

Mr. Dahm's cousin also opined:

> Based on my twenty-two years of knowing Curtis Dahm, Jr. and based on my conversations with him, it is my opinion that had he desired to change the

beneficiary designation on any of his pension/life insurance policies to his new wife, Lakisha Dahm, he would have done so. In addition, it is my opinion that if Curtis Dahm, Jr. changed the beneficiary of one pension/life insurance policy to his new wife, Lakisha and left the beneficiary of the other pension/life insurance policy as unchanged, then he intended the beneficiary designation to remain as stated.[1] Simply put, if Curtis Dahm, Jr. wanted to change the beneficiary designation he would have.

(Footnote added.)

- An affidavit submitted by one of Mr. Dahm's friends and co-workers, who opined that Mr. Dahm "did not intend to change the beneficiary" of the Milwaukee pension, and that if he had wanted to "he could easily and would have done so."

The *opinions* by Mr. Dahm's cousin and by his co-worker, however, as to what may or may not have been Mr. Dahm's intent, are not "specific facts" as required by WIS. STAT. RULE 802.08(3). *See Hopper v. City of Madison*, 79 Wis. 2d 120, 130, 256 N.W.2d 139, 143 (1977) ("Portions of affidavits which are made by persons who do not have personal knowledge or which contain allegations of ultimate facts, conclusions of law or anything other than evidentiary facts do not meet the statutory requirements and will be disregarded."); *see also Mettler ex rel. Burnett v. Nellis*, 2005 WI App 73, ¶¶ 10–11, 280 Wis. 2d 753, 759–760, 695 N.W.2d 861,

---

[1] There is no evidence in the Record that Mr. Dahm both "changed the beneficiary of one pension/life insurance policy to his new wife, Lakisha and left the beneficiary of the other pension/life insurance policy as unchanged," as hypothesized by the cousin's affidavit.

864–865 (opinions by non-experts incompetent to carry summary-judgment burden). Assuming (because Lakisha Dahm does not object) but not deciding that what Mr. Dahm told either his cousin or co-worker as related in their affidavits is admissible evidence, Mr. Dahm's expressions of love and concern for Hope Dahm that he made well before he married Lakisha Dahm also do not satisfy Hope Dahm's summary-judgment burden to produce evidence that shows, in the words of WIS. STAT. RULE 903.01, that the "nonexistence of the presumed fact [revocation of the designation of Hope Dahm as his Milwaukee-pension beneficiary] is more probable than its existence." Further, that Mr. Dahm *could have* deleted Hope Dahm as his beneficiary when he was still alive but did not, does not, without more, raise a genuine issue of material fact for trial because the whole purpose of § 854.15 is to rectify what the legislature perceived as injustices resulting from the " 'failure of people to revise their estate plans after divorce.' " *Allstate Life Ins. Co.,* 200 F. Supp. 2d at 1021 (quoted source omitted).

¶ 9.   Hope Dahm also points to the fact that in September of 2000, Mr. Dahm changed his death-benefit beneficiary in his Building Trades United Pension Trust Fund account from Hope Dahm to his children. This was before Mr. Dahm and Hope Dahm divorced and, of course, before he married Lakisha Dahm. The September of 2000 change in beneficiaries is thus not probative of Mr. Dahm's intent after he married Lakisha Dahm. Hope Dahm has not produced any "specific facts," of even "some small affirmative act," which *Allstate Life Ins. Co.,* 200 F. Supp. 2d at 1017, 1020, opines would be sufficient, by Mr. Dahm to counter the presumption in WIS. STAT. § 854.15(3)(a),

and, accordingly, Hope Dahm has not established that there are genuine issues of fact for trial.[2]

*By the Court.*—Judgment affirmed.

---

[2] The trial court rested part of its decision on the fact that Mr. Dahm left a suicide note that expressed his love for Lakisha Dahm and suggested that she "[c]heck on the Painters Local 781 Pension, the Milw Pub Schs pension + Life Insurance Policy, and having the house paid off." Our affirmance on our *de novo* review, however, is based on Hope Dahm's failure to present any "specific facts" that satisfy her burden of proving the non-existence of the "presumed fact" so that there is a genuine issue for trial. We do not, therefore, consider Mr. Dahm's suicide note or whether it would be admissible at any trial.